Filed 1/15/16  In re H.G. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>H.G.,<br><br>    Minor and Appellant. | G051811<br><br>(Super. Ct. No. DL041910)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Lewis W. Clapp, Judge.  Affirmed.

Erica Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

We appointed counsel to represent H.G. on appeal. Counsel filed a brief that set forth the facts of the case. Counsel did not argue against her client but advised the court she found no issues to argue on his behalf. We gave H.G. 30 days to file written argument on his own behalf. That time has passed, and he did not file a brief.

Counsel filed a brief following the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). The court in *Wende* explained a *Wende* brief is one that sets forth a summary of proceedings and facts but raises no specific issues. Under these circumstances, the court must conduct an independent review of the entire record. When the appellant himself raises specific issues in a *Wende* proceeding, we must expressly address them in our opinion and explain why they fail. (*People v. Kelly* (2006) 40 Cal.4th 106, 120, 124.) Here, H.G. did not file a supplemental brief raising any issues.

Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), to assist the court with its independent review, counsel provided the court with information as to issues that might arguably support an appeal. Counsel raised two issues: whether the trial court properly denied H.G.'s motion to suppress, and whether the court abused its discretion in permitting petitioner to amend the petition on the day of the hearing.

We have reviewed the record in accordance with our obligations under *Wende* and *Anders,* and considered the information counsel provided. We found no arguable issues on appeal. The judgment is affirmed.

FACTS

Anaheim Police Officer Jamie Pietras was conducting "high impact enforcement" in a known gang neighborhood. Prior to starting his shift that day, Pietras was briefed regarding a parolee at large named Juan Gonzalez. As part of this briefing, Pietras viewed a photograph of Gonzalez. While on patrol Pietras heard a radio call from an undercover investigator advising Gonzalez was seen inside a dark gray Honda Civic. Pietras conducted a traffic stop of this vehicle to contact Gonzalez. Pietras observed a total of five occupants in the vehicle. He saw Gonzalez seated in the right rear passenger

2

seat. Pietras also saw H.G. sitting in the back seat. Prior to stopping the vehicle, Pietras observed the males in the back seat moving back and forth inside the vehicle. Pietras was concerned for his safety.

As a result of the traffic stop and in an attempt to safely detain Gonzalez, all occupants were ordered to get out of the vehicle. They were handcuffed, and told they were being detained. Gonzalez was the first person ordered out of the vehicle followed by H.G. Pietras estimated four to five minutes passed from the time of the traffic stop to the time H.G. got out of the vehicle. After H.G. got out of the vehicle, another officer questioned him. Pietras estimated H.G. was detained for a total of 10 minutes as a result of the traffic stop.

Anaheim Police Officer Onam Urena assisted Pietras in detaining the occupants of the vehicle. Urena was the third police unit to arrive on scene and was in full police uniform. Urena assisted by handcuffing the occupants of the vehicle after another officer ordered them out one by one. After H.G. was handcuffed, Urena asked him his name and date of birth. H.G. responded his name was "Brian Ramirez" and his date of birth was "July 30[,] 1997."

Another officer checked the name provided by H.G. After the name check, that officer requested a device be brought to the location to confirm H.G.'s identity by his fingerprints. After H.G.'s fingerprints were scanned, Urena asked him why he lied about his name. H.G. responded, "[I]t worked before. I haven't got caught using a fake name."

A petition alleged H.G. made a false representation to a peace officer, Sergeant Triplett, in violation of Penal Code section 148.9, subdivision (a). The juvenile court heard a motion to suppress evidence pursuant to Welfare and Institutions Code section 700.1 in conjunction with a contested dispositional hearing.

For purposes of the motion to suppress evidence, the parties stipulated there was no warrant for H.G. on the night in question. However, there was an active warrant for Gonzalez. At the conclusion of Urena's testimony, the prosecutor requested

3

permission to amend the petition to strike Sergeant Triplett's name from the petition and substitute Officer Urena. At the prosecutor's request, the court took judicial notice of the identifying information contained in prior petitions filed against H.G. The court denied H.G.'s motion to suppress and sustained the allegation in the petition. At the dispositional hearing, H.G. was adjudged a ward of the court. H.G. was continued on probation under the same terms and conditions and ordered to spend 90 days in custody. H.G. filed a timely notice of appeal.

## DISCUSSION

A review of the record pursuant to *Wende*, *supra*, 25 Cal.3d 436, and *Anders, supra,* 386 U.S. 738, including the possible issues raised by appellate counsel, has disclosed no reasonably arguable appellate issue.

## DISPOSITION

The judgment is affirmed.


O'LEARY, P. J.

WE CONCUR:


RYLAARSDAM, J.


BEDSWORTH, J.

4